IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAYLEON COBBS<br>1944 Forest Cedar Court<br>Columbus, Ohio, 43229<br><br>     Plaintiff,<br><br>    v.<br><br>IAMAR, LLC<br>d.b.a "Massey's Pizza"<br>1951 E. Dublin-Granville Road<br>Columbus, Ohio, 43229<br><br> **Serve also:**<br> Anita Marple, Statutory Agent<br> 7717 Early Meadow Road<br> Westerville, Ohio, 43082<br><br>    -and-<br><br>ANITA MARPLE<br>7717 Early Meadow Road<br>Westerville, Ohio, 43082<br><br>    Defendants. | CASE NO.<br><br>JUDGE:<br><br><br><br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND THE OHIO MINIMUM FAIR WAGE STANDARDS ACT**<br><br>**(Jury Demand Endorsed Hereon)** |

Plaintiff, Dayleon Cobbs, by and through undersigned counsel, as his Complaint against Defendants, states and avers the following:

## PARTIES

1. Cobbs is an Ohio resident.

2. Iamar, LLC is a domestic limited liability corporation with its principal place of business located at 1951 E. Dublin-Granville Road, Columbus, Ohio, 43229

3. Marple is an Ohio resident and is the owner, president, and/or principal of Iamar.

## PERSONAL JURISDICTION

4. Defendants hire citizens of the state of Ohio, contract with companies in Ohio, and own or rent property in Ohio. As such, the exercise of personal jurisdiction over Defendants comports with due process.

5. Cobbs performed work in this judicial district, was unlawfully denied wages by Defendants pursuant to work performed in this district and/or was hired out of this district.

6. This cause of action arose from or relates to the contacts of Defendants with Ohio residents, thereby conferring specific jurisdiction over Defendants.

## SUBJECT MATTER JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

8. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Cobbs's state law claims under the Ohio Minimum Fair Wage Standards Act ("OMFWSA") and the Ohio Constitution, because those claims derive from a common nucleus of operative facts.

9. Venue is proper in this District because Defendants do a sizeable portion of their business in this District, and many of the wrongs herein alleged occurred in this District.

## COVERAGE

10. At all times referenced herein, Iamar formed a single enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r); and formed a single enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in

2

that enterprise had an annual gross volume of sales made or business done of not less than $500,000.00.

11. At all times referenced herein, Marple supervised and/or controlled the employment of Cobbs with Iamar and acted directly or indirectly in the interest of Iamar in relation to its employees, including controlling and/or establishing its day-to-day operations and respective compensation practices; therefore, Marple is an employer within the meaning of Article II, Section 34a of the Ohio Constitution and 29 § U.S.C. 203(d).

12. During all times material to this Complaint, Defendants were Cobbs's "employer" within the meaning of Section 3(d) of FLSA, 29 U.S.C. § 203(d); Section34a, Article II, of the Ohio Constitution; and the Ohio Minimum Fair Wages Standards Act ("OMWFSA").

13. At all times referenced herein, Cobbs was subject to individual coverage under the FLSA because her job duties required that she operate a motor vehicle weighing under 10,000lbs on interstate channels of commerce.

14. At all material times, Defendants were employers within the meaning of the FLSA and the OMFWSA.

## STATEMENT OF FACTS

15. Iamar operates as a "Massey's Pizza" franchise.

16. Cobbs is a former employee of Defendants.

17. Defendants hired Cobbs on or around June of 2021.

18. Cobbs worked for Defendants for approximately 28 hours during the week of June 7, 2021.

19. During Cobbs' single week of employment, he accidently caused damage to Defendants' pizza oven when he got a pizza paddle stuck in the oven ("Oven Accident").

20. Cobbs was acting within the scope and course of his employment when the Oven Accident occurred.

3

21. The Oven Accident was just that – an accident.

22. Subsequently, Cobbs was terminated by Defendant.

23. Cobbs was never paid any wages for the hours he worked during the week of June 7, 2021.

24. Subsequently, Cobbs complained to Marple about not being paid for the work he performed.

25. Cobbs warned Marple that he would contact an attorney if he did not get paid.

26. In an email dated July 3, 2021, Marple responded to Cobbs explaining that he had not been paid because "you did not earn enough to cover the cost of repairs." ("July 3 Email")

27. Marple threatened Cobbs not to pursue legal action, stating in the July 3 Email "if I have to get my attorney involved I will be requesting the cost of his fees as well" ("Threat").

28. Marple's Threat was made for the express purpose of dissuading Cobbs from exercising his rights and pursuing claims under the FLSA and the OMFWSA.

29. As a result of Defendants' unlawful conduct, Cobbs has suffered damages.

## COUNT I: FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF THE FLSA (29 U.S.C. § 206).

30. Cobbs restates each and every prior paragraph of this Complaint, as if it were fully restated herein and further alleges as follows:

31. Section 6 of the FLSA, 29 U.S.C. § 206, establishes the right to be paid minimum wages.

32. Section 16(b) of the FLSA, 29 U.S.C. § 216(b), entitles an employee to recover all unpaid wages, an equivalent amount as liquidated damages, and reasonable attorneys' fees and costs.

33. Defendants failed and refused to pay Cobbs any wages at all, depriving him of at least the minimum wage for all hours worked.

34. Defendants' conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

35. Defendants' failure and refusal to pay Cobbs minimum wages for all hours Cobbs worked was willful, intentional, and not in good faith.

36. Cobbs is entitled to all legal and equitable remedies available for violations of the FLSA, including, but not limited to, back pay, liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigation costs, and other compensation pursuant to the FLSA.

### COUNT II: VIOLATION OF THE OHIO MINIMUM FAIR WAGE STANDARDS ACT, O.R.C. § 4111.02, *et seq*, BASED ON FAILURE TO MINIMUM WAGE.

37. Cobbs incorporates by reference the allegations in the preceding paragraphs.

38. The OMFWSA requires that covered employees be compensated for every hour worked in a workweek including payment of all earned overtime compensation. See O.R.C. §§ 4111.01, et seq.

39. Respondents violated the OMFWSA by failing to pay Cobbs wages approximating at least the Ohio minimum wage for all hours worked by Cobbs.

40. As a direct and proximate result of Respondents' unlawful conduct, Cobbs has suffered and will continue to suffer a loss of income and other damages.

41. Having violated the OMFWSA, Respondents are liable to Cobbs pursuant to O.R.C. § 4111.10 for the full amount of her unpaid minimum wages; liquidated damages; and for Cobbs's costs and reasonable attorneys' fees.

### COUNT III: VIOLATION OF THE OHIO PROMPT PAY ACT. (Asserted Against Defendant Iamar, LLC Only).

42. Cobbs incorporates by reference the allegations in the preceding paragraphs.

43. During all times material to this complaint, Iamar was covered by the Ohio Prompt Payment Act, R.C. § 4113.15 ("OPPA") and Cobbs was employed by Iamar within the meaning of OPPA

44. The OPPA requires that Iamar pay Cobbs all wages, including unpaid minimum wages, on or before the first day of each month, for wages earned by Cobbs during the first half of the

preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of the month, for wages earned by Cobbs during the last half of the preceding calendar month. See O.R.C. § 4113.15(A).

45. At the conclusion of his term of employment with Iamar, Cobbs was not paid wages, within 30 days of performing the work, nor after he requested said payment. See O.R.C.§ 4113.15(B).

46. Cobbs's unpaid wages remain unpaid for more than thirty (30) days beyond his regularly scheduled payday.

47. In violating the OPPA, Iamar acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Dayleon Cobbs requests judgment against all Defendants and for an Order:

a. Awarding Cobbs his unpaid wages and an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

b. Awarding Cobbs $200.00 in liquated damages pursuant to O.R.C. § 4113.15(B).

c. Issuing a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §§ 201 et seq;

d. Issuing an injunction prohibiting Defendants from continued unlawful practices, policies and patterns set forth herein;

e. Awarding Cobbs pre-judgment and post-judgment interest as provided by law;

f. Awarding Cobbs his reasonable attorneys' fees and costs; and

g. Awarding such other and further relief that this Court deems appropriate.

Respectfully submitted,

*/s/Chris P. Wido*
Chris Wido (0090441)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, Ohio 44122
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: chris.wido@spitzlawfirm.com

*Attorney for Plaintiff Traveon Cobbs*

## JURY DEMAND

Plaintiff Dayleon Cobbs demands a trial by jury by the maximum number of jurors permitted.

*/s/Chris P. Wido*
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**