IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DAYLEON COBBS,**

    **Plaintiff,**

    v.

**IAMAR, LLC,** *et al.***,**

    **Defendants.**

Civil Action 2:21-cv-5075
Chief Judge Algenon L. Marbley
Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

On October 18, 2021, Plaintiff initiated this case with the assistance of counsel. (ECF No. 1.) On November 10, 2022, Plaintiff's counsel filed a Motion to Withdraw as Counsel for Plaintiff Dayleon Cobbs, advising the Court that "[d]espite multiple attempts by counsel over the last approximately seven weeks to contact Plaintiff by phone, email, text message, and mail, Plaintiff has not responded to counsel and has essentially disappeared." (ECF No. 20.) On November 15, 2022, the Court granted counsel's Motion to Withdraw and set a Telephonic Status Conference for December 15, 2022. (ECF No. 21.) The Court cautioned Plaintiff that "failure to appear at the Telephonic Status Conference could result in the Undersigned's recommendation that the Court dismiss Plaintiff's action for failure to prosecute." (*Id.*)

Notwithstanding this caution, Plaintiff failed to appear for the December 15, 2022 Telephonic Status Conference. Accordingly, on December 15, 2022, the Court directed Plaintiff to show cause by December 29, 2022, why the Court should not dismiss this case for failure to prosecute. (ECF No. 22.) The Court advised Plaintiff that "failure to respond to this Show Cause Order will result in the recommendation that this case be dismissed with prejudice for

failure to prosecute." (*Id.*) To date, Plaintiff has not responded to the Court's Show Cause Order.[1]

Under the circumstances presented in the instant case, the Undersigned recommends dismissal of Plaintiff's action with prejudice pursuant to Federal Rule of Civil Procedure Rule 41(b). The Court's inherent authority to dismiss a plaintiff's action because of their failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders. *See* Fed. R. Civ. P. 41(b); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R. Co.*, 370 U.S. 626, 629–32 (1962)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties." *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citation omitted) (internal quotations omitted).

---

[1] The Clerk of Court attempted to serve the Court's December 15, 2022 Order by first class and certified mail. (*See* ECF No. 23.) On December 28, 2022, the Court's mail was returned as undeliverable. (ECF No. 24.) Accordingly, it appears that Plaintiff has failed to satisfy his affirmative duty of notifying the Court of any change in address, which is further evidence of Plaintiff's failure to prosecute this action. *See Barber v. Runyon*, No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) ("If [*pro se* Plaintiff's] address changed, she had an affirmative duty to supply the court with notice of any and all changes in her address."); *Waddell v. Bennett*, No. 1:15-cv-130, 2015 WL 5562311, at *1 (S.D. Ohio Sept. 22, 2015) ("The Court notes, however, that though such notice was served upon Plaintiff, it was returned to the Court due to Plaintiff's failure to apprise the Court of his change of address. By failing to keep the Court apprised of his current address, Plaintiff demonstrates a lack of prosecution of his action."); S.D. Ohio Guide for *Pro Se* Civil Litigants, p. 14 ("[I]f your address or phone number changes, you must promptly notify the Court, in writing, of your new contact information."); *cf. Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues . . . there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend.").

On November 15, 2022 and December 15, 2022, the Court expressly cautioned Plaintiff that failure to comply with the Court's Orders may result in dismissal for failure to prosecute. (ECF Nos. 21, 22.) *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or lack thereof, is [] a key consideration" in whether dismissal under Rule 41(b) is appropriate); *see also Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001). While the Court is mindful of Plaintiff's *pro se* status, dismissal is nevertheless appropriate given Plaintiff's failure to comply with the readily comprehended deadlines. *See Steward*, 8 F. App'x at 296-297 (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).

It is therefore **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims against Defendant **WITH PREJUDICE** under Rule 41(b).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that

defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**Date: January 5, 2023**          */s/ Elizabeth A. Preston Deavers*
                                   **ELIZABETH A. PRESTON DEAVERS**
                                   **UNITED STATES MAGISTRATE JUDGE**